IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 6:10CR *127* |
| | § | Judge *Davis / Love* |
| NATHAN MICHAEL (01); | § | |
| CHRISTOPHER MICHAEL (02); | § | |
| ELIZABETH PICKRELL (03); and | § | **SEALED** |
| COREY DAVIS (04) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 18 U.S.C. § 371 (Conspiracy to
Commit Access Device Fraud)

### CONSPIRACY

Beginning on or about March 1, 2010, and continuing thereafter until on or about

August 18, 2010, in Henderson and Smith Counties, in the Eastern District of Texas and

elsewhere, **Nathan Michael**, **Christopher Michael**, **Elizabeth Pickrell**, and **Corey**

**Davis**, defendants, did willfully, unlawfully and knowingly combine, conspire,

confederate and agree, with one another and with others known and unknown to the grand

jury, to commit an offense against the United States, to-wit:  Access Device Fraud, in

violation of 18 U.S.C. § 1029(a)(3) and (5).

Indictment, Page 1

## MANNER AND MEANS

It was part of the conspiracy that defendants, **Nathan Michael** and **Christopher Michael**, devised a scheme and artifice to fraudulently obtain goods and services by means of false and fraudulent pretenses and representations.  To effect the scheme, **Nathan Michael** and **Christopher Michael**, or one of them,  purchased and otherwise obtained fraudulently obtained credit card account numbers and then used the account numbers and equipment to produce counterfeited credit cards.  **Nathan Michael** and **Christopher Michael**, or one of them, then distributed the counterfeited credit cards to others with the intent that they should be used by the others to effect transactions to fraudulently obtain goods and services.  In exchange for being provided with the counterfeited credit cards, **Corey Davis**, and others, provided payment and other things of value, including, but not limited to, cash value cards, to **Nathan Michael** and **Christopher Michael**, or one of them.  During a one-year period, the aggregate value of goods and services acquired with the counterfeited credit cards was equal to or greater than $1,000.00.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Eastern District of Texas and elsewhere:

(1)     From on or about March 1, 2010, to on or about August 18, 2010, in

Indictment, Page 2

Henderson County, Texas, in the Eastern District of Texas, **Nathan Michael** and **Christopher Michael**, or one of them, purchased fraudulently obtained credit card account numbers from sources accessible through the Internet;

(2)    From on or about March 1, 2010, to on or about August 18, 2010, in Henderson County, Texas, in the Eastern District of Texas, **Nathan Michael** and **Christopher Michael**, or one of them, also solicited **Elizabeth Pickrell** to fraudulently obtain credit card account numbers from customers coming to her place of employment at Chicken Express in Tyler, Texas.

(3)    From on or about March 1, 2010, to on or about August 18, 2010, in Smith County, Texas, in the Eastern District of Texas, **Elizabeth Pickrell** fraudulently obtained hundreds of credit card account numbers from customers coming to her place of employment at Chicken Express.

(4)    From on or about March 1, 2010, to on or about August 18, 2010, in Henderson County, Texas, in the Eastern District of Texas, **Elizabeth Pickrell** delivered fraudulently obtained credit card account numbers to **Nathan Michael** and **Christopher Michael**, or one of them.

(5)    From on or about March 1, 2010, to on or about August 18, 2010, in Henderson County, Texas, in the Eastern District of Texas, **Nathan Michael** and **Christopher Michael**, or one of them, used the fraudulently obtained credit card account numbers and equipment to produce counterfeited credit cards.

(6)      From on or about March 1, 2010, to on or about August 18, 2010, in

Henderson County, Texas, in the Eastern District of Texas, **Nathan Michael** and

**Christopher Michael**, or one of them, then distributed the counterfeited credit cards to

others, including but not limited to, **Corey Davis**, with the intent that they should be used

by **Corey Davis** and others, to effect transactions to fraudulently obtain goods a services

including, but not limited to, cash value cards.

All in violation of 18 U.S.C. §§ 371 and 1029(a)(3) and (5).

### Count Two

> Violation: 18 U.S.C. § 1029 (Access
> Device Fraud)

From on or about March 1, 2010, to on or about August 18, 2010, in Henderson

County, Texas, in the Eastern District of Texas, **Nathan Michael** and **Christopher**

**Michael**, defendants, did knowingly and with intent to defraud, produce, use, and traffic

in one or more counterfeited access devices, to-wit: hundreds of fraudulently obtained

credit card account numbers, in violation of 18 U.S.C. § 1029(a)(1).

### Count Three

> Violation: 18 U.S.C. § 1029 (Access
> Device Fraud)

From on or about March 1, 2010, to on or about August 18, 2010, in Henderson

County, Texas, in the Eastern District of Texas, **Nathan Michael** and **Christopher**

**Michael**, defendants, did knowingly and with intent to defraud, traffic in and use one or

more unauthorized access devices, to wit: hundreds of fraudulently obtained credit card account numbers, during a one-year period, and by such conduct obtained a thing or things of value aggregating $1,000.00 or more during that period, in violation of 18 U.S.C. § 1029(a)(2).

## Count Four

Violation: 18 U.S.C. § 1029 (Access Device Fraud)

On or about August 18, 2010, in Henderson County, Texas, in the Eastern District of Texas, **Nathan Michael** and **Christopher Michael**, defendants, did knowingly and with intent to defraud, possess fifteen or more devices which were counterfeited and unauthorized access devices, to wit: hundreds of fraudulently obtained credit card account numbers, in violation of 18 U.S.C. § 1029(a)(3).

## Count Five

Violation: 18 U.S.C. § 1029 (Access Device Fraud)

On or about August 18, 2010, in Henderson County, Texas, in the Eastern District of Texas, **Nathan Michael** and **Christopher Michael**, defendants, did knowingly and with intent to defraud, produce, traffic in, and have control and custody of, and possessed device making equipment, to-wit: personal computers and a card reader/writer encoding device, in violation of 18 U.S.C. § 1029(a)(4).

## Count Six

Violation: 18 U.S.C. § 1029 (Access
Device Fraud)

From on or about March 1, 2010, to on or about August 18, 2010, in Henderson
County, Texas, in the Eastern District of Texas, **Nathan Michael** and **Christopher
Michael**, defendants, did knowingly and with intent to defraud, effect transactions with
one or more access devices issued to other persons, two-wit: hundreds of credit card
account numbers, to receive payment or other thing of value, to wit: cash value cards and
other valuable consideration, during a one-year period the aggregate value of which was
equal to or greater than $1,000.00, in violation of 18 U.S.C. § 1029(a)(5).

## Count Seven

Violation: 18 U.S.C. § 1029 (Access
Device Fraud)

From on or about March 1, 2010, to on or about August 18, 2010, in Smith
County, Texas in the Eastern District of Texas, **Elizabeth Pickrell**, defendant, did
knowingly and with intent to defraud, traffic in one or more counterfeited access devices,
to-wit: hundreds of fraudulently obtained credit card account numbers, in violation of 18
U.S.C. § 1029(a)(1).

## Count Eight

Violation: 18 U.S.C. § 1029 (Access
Device Fraud)

From on or about March 1, 2010, to on or about August 18, 2010, in Smith
County, Texas in the Eastern District of Texas, **Elizabeth Pickrell**, defendant, did
knowingly and with intent to defraud, possess fifteen or more devices which were
unauthorized access devices, to wit: hundreds of fraudulently obtained credit card account
numbers, in violation of 18 U.S.C. § 1029(a)(3).

## Count Nine

Violation: 18 U.S.C. § 1029 (Access
Device Fraud)

From on or about March 1, 2010, to on or about August 18, 2010, in Henderson
County, Texas, in the Eastern District of Texas and elsewhere, **Corey Davis**, defendant,
did knowingly and with intent to defraud, use one or more counterfeited access devices,
to-wit: fraudulently obtained credit card account numbers, in violation of 18 U.S.C. §
1029(a)(1).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
Pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C)

As the result of committing one or more of the foregoing offenses alleged in this

indictment, defendants shall forfeit to the United States, pursuant to 18 U.S.C. §§

982(a)(2) and 1029(c)(1)(C), any property constituting, or derived from, proceeds the

person obtained directly or indirectly, as the result of such violation; and any and all

personal property used or intended to be used to commit the offense, including but not

limited to the following:

### Proceeds

a.   a 2000 Cadillac Escalade bearing VIN 1GYEK12R5YR161865;
b.   a laptop computer purchased from Wal Mart;
c.   a USB drive;
d.   a magnetic strip reader/writer;
e.   a cellular phone;
f.   a computer with monitor;
g.   a computer keyboard;
h.   a Samsung memory card;
i.   a Samsung cell phone;
j.   an X-Box 360;
k.   an Acer laptop computer; and
l.   $2,300.00 in U.S. currency

### Personal Property

a.   a Toshiba, Satellite, M45, laptop computer, bearing SN Y5117031Q; and
b.   a MSR 206, Swipe Magnetic Card Hi-Co Reader/Writer.

### Substitute Assets

If any of the property described above as being subject to forfeiture, as a

result of any act or omission of the defendant –

    (a)      cannot be located upon the exercise of due diligence;

    (b)      has been transferred or sold to, or deposited with a third person;

    (c)      has been placed beyond the jurisdiction of the court;

    (d)      has been substantially diminished in value; or

    (e)      has been commingled with other property which cannot be

subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1) and 21

U.S.C. § 853(p), to seek forfeiture of any other property of defendants up to the

value of the above forfeitable property, including but not limited to all property,

both real and personal, owned by defendants.

By virtue of the commission of the offenses alleged in this indictment, any and all interest

the defendants have in the above-described property is vested in the United States and

hereby forfeited to the United States pursuant to 18 U.S.C. §§ 982(a)(2)(B) and

1029(c)(1)(C).

                              A TRUE BILL

                              GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

                              11- 3. 2010

Jim Noble                            Date
Assistant United States Attorney

Indictment, Page 9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 6:10CR _127_ |
| | § | Judge _DAVIS / LOVE_ |
| NATHAN MICHAEL (01); | § | |
| CHRISTOPHER MICHAEL (02); | § | |
| ELIZABETH PICKRELL (03); and | § | |
| COREY DAVIS (04) | § | |

## NOTICE OF PENALTY

### Count One

Violation:    18 U.S.C. § 371 (Conspiracy to Commit Access Device Fraud)

Penalty:    A fine of not more than $250,000; imprisonment for not more than five (5)
years; a term of supervised release of not more than three (3) years.

Special Assessment:    $100.00

### Counts Two-Four and Seven-Nine

Violation:    18 U.S.C. § 1029(a)(1)-(3) (Access Device Fraud)

Penalty:    A fine of not more than $250,000; imprisonment for not more than ten (10)
years; a term of supervised release of not more than three (3) years.

Special Assessment:    $100.00

Indictment, Page 10

## **Counts Five and Six**

Violation:    18 U.S.C. § 1029(a)(4) and (5) (Access Device Fraud)

Penalty:    A fine of not more than $250,000; imprisonment for not more than fifteen (15) years; a term of supervised release of not more than five (5) years.

Special Assessment:    $100.00